## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ANDREINA MONTERO,

        Plaintiff,

vs.                                     Case No.  3:26-cv-397-MMH-LLL

LAW OFFICES OF STEPHEN A.
SMITH LLC and STEPHEN A.
SMITH,

        Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Proceeding <u>pro</u> <u>se</u>, Plaintiff, Andreina Montero, initiated this action on February 24, 2026, by filing a Complaint and Demand for Bench Trial (Doc. 1; Complaint). Upon review, the Court finds that the Complaint is improperly drafted and due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Montero with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Montero should carefully review this Order and consider utilizing the resources available for <u>pro</u> <u>se</u> litigants, cited below, before filing her corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Montero as she drafts her corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Montero as she navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

In addition, Rule 10 requires a plaintiff to state her claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v.

Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Montero fails to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" as required by Rule 10(b). See generally Complaint; Rule 10(b). Indeed, Montero does not number any of her allegations, let alone limit each paragraph to "a single set of

circumstances." See Complaint at 1–3. As a result, the Complaint fails to adequately allow Defendants to "discern what [she] is claiming and frame a responsive pleading." Fikes, 79 F.3d at 1082 (quoted authority omitted).

Additionally, the Court notes that, in Count IV and Count V, Montero asserts claims for "Declaratory and Equitable Relief" and for "Punitive Damages." See Complaint at 3. But a traditional injunction is a remedy and not a freestanding cause of action. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under [Rule] 12(b)(6) (failure to state a claim).").[2] Likewise, "a request for . . . punitive damages is not a cause of action." Younger v. C.M.C., SRL, No. 8:21-CV-1807-VMC-CPT, 2021 WL 4862697, at *2 (M.D. Fla. Oct. 19, 2021) (quoted authority omitted) (noting that, instead of pleading a request for punitive damages as a separate count, a plaintiff should request punitive damages in the prayer for relief where relevant).[3] As such, when drafting her

---

[2] At least one kind of "non-traditional" injunction does not require a separate basis in a cause of action. See Klay, 376 F.3d at 1100 (noting that a plaintiff that seeks an injunction under the All Writs Act is not required to state a claim that underlies the injunction). Montero does not seek an injunction under the All Writs Act. See generally Complaint.

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

- 5 -

corrected complaint, Montero should remove her "claims" for injunctive relief from Count IV and for punitive damages from Count V.

Because the Complaint fails to comply with the Rules, the Court will strike the filing and direct Montero to file a corrected complaint. See Holbrook, 405 F. App'x at 460–61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In the corrected complaint, Montero must state each factual allegation describing a single set of circumstances in a separately numbered paragraph. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Montero is encouraged to consider consulting with a legal aid organization that offers free legal services before filing her corrected complaint. One resource available in Jacksonville is the Legal Information Program offered by the Jacksonville Federal Court Bar Association. To participate in the program, Montero may contact the Clerk's office at (904) 549-1900, and the Clerk will provide her name and phone number to Jacksonville Area Legal Aid for a lawyer to call her. Accordingly, it is

**ORDERED**:

1. Plaintiff's Complaint and Demand for Bench Trial (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[4] consistent with the directives of this Order on or before **March 27, 2026**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of March, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Pro Se Party

---

[4] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

- 7 -